```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

<u>Kirk Cutler</u>

    v.                              Civil No. 12-cv-112-JL

<u>Christopher Carbonneau and</u>
<u>Rockingham County</u>

## SUMMARY ORDER

On July 15, 2011, plaintiff Kirk Cutler filed a writ of summons in Rockingham County Superior Court, thereby commencing this action against defendant Rockingham County and three unnamed defendants, who the writ dubbed John Does I, II, and III.  The writ alleged that the County and the Doe defendants violated Cutler's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and purported to state a claim under 42 U.S.C. § 1983 against the Doe defendants, as well as state-law claims for assault and battery and breach of a special duty of care against all four defendants.  The County did not remove the action to this court, instead electing to defend the suit in state court.

On March 6, 2012, Cutler moved the Superior Court for leave to amend his complaint, seeking to add Christopher Carbonneau as a defendant in place of John Doe I and to eliminate the claims against John Does II and III.  Cutler's motion attached a proposed amended complaint.  On March 23, 2012, before the Superior Court had acted on Cutler's motion to amend, Carbonneau

removed the case to this court. The notice of removal contended that Carbonneau's counsel had received the motion and its attachment "via email on March 12, 2012," and that although the Superior Court had not yet ruled on the motion to amend, Carbonneau was filing the notice "so that the thirty (30) day period set forth in 28 U.S.C. § 1446(b) does not expire."

Carbonneau's removal of the case to this court was premature. The statute governing removal of civil actions from state court provides that an action "may be removed <u>by the defendant or the defendants</u>." 28 U.S.C. § 1441(a) (emphasis added); <u>see also</u> 28 U.S.C. § 1446(a) (setting forth procedure for removal by "[a] defendant or defendants" only). At the time of removal (and, indeed, even now), Carbonneau was not yet a defendant in this action, because the state court had not yet granted Cutler's motion to amend. He therefore lacked the ability to remove the action to this court.

As Carbonneau noted in the notice of removal, 28 U.S.C. § 1446(b) requires that an action be removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Contrary to Carbonneau's belief, however, this provision did not require him to remove the case within 30 days of his receipt of Cutler's motion to amend. "Most courts that have considered the issue agree that the thirty-day time frame for filing a notice of

removal begins to run either upon the granting of the motion to amend or the actual filing of the amended complaint." B&B Enters. of Wilson Cnty., LLC v. City of Lebanon, 422 F. Supp. 2d 903, 905 (M.D. Tenn. 2006) (citing cases); see also Freeman v. Blue Ridge Paper Prods., Inc., 551 F.3d 405, 409-10 (6th Cir. 2008) (30-day time frame for removal "begins to run from the actual and effective amendment of the complaint"); Sullivan v. Conway, 157 F.3d 1092, 1094-95 (7th Cir. 1998) (similar).  Unless and until the Superior Court granted Cutler's motion to amend, then, Carbonneau had no cause for concern regarding section 1446(b)'s 30-day window.

It may strike the parties as an empty exercise to remand this case to the Superior Court only so that the court can grant the motion to amend, at which point Carbonneau will in all likelihood remove the case to this court once again.  But it is by no means a foregone conclusion that the Superior Court will grant Cutler's motion; amendment of the complaint is not permitted as of right but "rests in the sound discretion of the trial court."  Tessier v. Rockefeller, 162 N.H. 324, 340 (2011).  That discretion must be exercised in Cutler's favor before Carbonneau can remove the case here.

For the foregoing reasons, the case is REMANDED to Rockingham County Superior Court.  The preliminary pretrial conference, currently scheduled for July 2, 2012, is, therefore, cancelled.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 27, 2012

cc: Charles G. Douglas, III, Esq.
    Andrew B. Livernois, Esq.
    Corey M. Belobrow, Esq.